Jacob M. Downs, WSBA #37982
Jacqueline Hackler, WSBA #52636
CORR|DOWNS PLLC
100 W. Harrison St, Suite N440
Seattle, WA 98119
(206) 962-5040
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINLEY HANEYNIXON, | ) |
| Plaintiff, | ) NO. |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| BOARD OF TRUSTEES OF WHITMAN COLLEGE, | ) **JURY DEMAND** |
| | ) |
| Defendant. | ) |

Plaintiff Linley HaneyNixon ("Plaintiff" or "HaneyNixon") alleges as follows:

**NATURE OF THE ACTION**

This is an action under RCW 49.60.210, Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, and Wrongful Discharge in Violation of Public Policy. Plaintiff seeks economic and equitable relief to redress being terminated in retaliation for filing, as a mandatory reporter, a complaint against her male supervisor Marvin Viney, the Director of Security, for sexual misconduct and/or harassment with a student at Whitman College.

COMPLAINT - 1

## I.    JURISDICTION AND VENUE

1.1    Pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (a)(4), and 28 U.S.C. §1367 this Court has jurisdiction over Plaintiff's claims.

1.2    Pursuant to 28 U.S.C. §1391(b) jurisdiction is proper in the United States District Court for the Eastern District of Washington.

## II.    PARTIES

2.1    Plaintiff is and has been at all times material to this lawsuit a resident of Walla Walla, Washington.

2.2    Defendant Board of Trustees of Whitman College ("Whitman") is a liberal arts college incorporated as a non-profit corporation that has its principal place of business at 345 Boyer Avenue, Walla Walla, WA 99362.

2.3    Upon information and belief Whitman College receives federal funding through various channels and sources.

## III.    FACTS

3.1    Plaintiff has more than 25 years of experience working as a corrections and security officer.  On November 8, 2013, Plaintiff began working for Whitman as a Temporary Security Officer.

3.2    As a Security Officer, Plaintiff received consistently stellar performance evaluations, each demonstrating her professionalism, integrity, commitment to student safety, and dedication to Whitman.  Plaintiff's performance evaluations tout Plaintiff's "passion for Whitman College and those on [its] campus" and acknowledge Plaintiff's "great understanding of Whitman policies in regards to safety and security" and Plaintiff's "great judgment."

3.3    After years of receiving numerous raises and promotions, Plaintiff was promoted to Lead Security Officer on September 1, 2018.  In this role, Plaintiff

COMPLAINT - 2

1 would be responsible for maintaining and enforcing campus policies and procedures
2 and for providing a safe student environment.

3   3.4 As a Lead Security Officer, Plaintiff was responsible for maintaining
4 and enforcing campus policies and procedures and for providing a safe student
5 environment.

6   3.5 In March of 2020, Plaintiff witnessed a Whitman Student Security
7 Officer, herein referred to as M.B.N., crying and distraught for days on end. Plaintiff
8 approached M.B.N. and asked what was wrong. M.B.N. said that she could not tell
9 Plaintiff because she was scared. Eventually, however, after Plaintiff pressed,
10 M.B.N. confided in Plaintiff that she had been involved in an inappropriate sexual
11 relationship with Whitman's Director of Security Marvin Viney ("Director Viney"),
12 Plaintiff's direct supervisor.

13   3.6 As a Whitman employee and Lead Security Officer, Plaintiff was
14 required to follow all Whitman Policies and Procedures as well as Title IX
15 (collectively, "Policies").

16   3.7 Pursuant to these Policies, (1) sexual misconduct or harassment of a
17 student by a teacher or other school employee can be discrimination in violation of
18 Title IX; (2) Sexual harassment is a broad term encompassing unwelcome behavior
19 of a sexual nature that can be committed by manipulation and may be based on power
20 differentials; (3) Whitman employees are required to report actual or suspected
21 instances of sexual harassment or misconduct; and (4) Title IX requires that
22 Whitman take prompt and effective action to investigate and stop sexual misconduct
23 and prevent its recurrence.

24   3.8 Whitman's Annual Security Report & Annual Fire Safety Report
25 specifically states: "Sexual harassment is particularly damaging when it exploits the
26 educational dependence and trust between students and faculty/staff. When the

COMPLAINT - 3

authority and power inherent in faculty/staff relationships with students is abused in any way, there is potentially great damage to the individual student, to the accused individual, and to the climate of the institution."

3.9   Whitman's Grievance Policy handbook specifically states that Whitman: "prohibits retaliation against anyone who reports in good faith or is believed to have reported harassment, discrimination or other prohibited behavior, or who is a witness or otherwise involved in a related investigatory proceeding. Such retaliation will be considered a serious violation of this policy, regardless of whether an informal or formal allegation is upheld. Encouraging others to retaliate is also prohibited and will be subject to disciplinary action."

3.10   Consistent with these Policies and her role as a mandatory reporter, on or about March 23, 2020, Plaintiff reported Director Viney's sexual misconduct and/or harassment to Whitman Human Resources Assistant Jacqueline Mings and Senior Associate Dean of Students and Title IX Administrator Juli Dunn.  Plaintiff took this necessary action despite M.B.N.'s request that Plaintiff not tell anyone about what had happened between her and Director Viney. In response to Plaintiff's complaint, Whitman took no action to appropriately investigate Director Viney's sexual misconduct.  In fact, Whitman's "investigation" barely lasted a week.  After only interviewing M.B.N. and Director Viney—both of whom denied the allegations—and failing to interview any other Security Office employees or students who could have provided information regarding the allegations, Whitman found the claims of sexual misconduct to be unsubstantiated and let Director Viney remain in his role as Director of Security without reprimand.  This put a target directly on Plaintiff's back.

3.11   Immediately after Whitman closed its "investigation," Director Viney, acting at all times in his capacity as a Whitman manager and as Plaintiff's direct

COMPLAINT - 4

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

supervisor, launched a campaign of retaliation against Plaintiff. Director Viney made obvious his anger towards Plaintiff. He intentionally mispronounced her name, ignored and ostracized her, and told her angrily "you could have warned me."

3.12  Just two weeks after Plaintiff complained of Director Viney's sexual misconduct, Director Viney manufactured allegations of hostile work environment against Plaintiff. In doing so, he facilitated, recruited, and/or gave permission for subordinates—Plaintiff's co-workers—to write emails and letters voicing every negative thing they had to say about her. Whether they knew it or not, he had essentially used them as proxies in his campaign of retaliation against Plaintiff.

3.13  As a result of these manufactured allegations, Whitman continued the pattern of retaliation launched by Director Viney by conducting an investigation into Plaintiff in April 2020. While the investigation report makes clear that the purpose of the investigation was to investigate alleged complaints against Plaintiff, Whitman disguised it as the Spring 2020 Department Climate Feedback and Suggested Improvement Strategies, never notifying Plaintiff that there were complaints or allegations against her, never providing Plaintiff an opportunity to respond to the allegations, never providing Plaintiff with notice of the outcome of the investigation, and never providing Plaintiff with support which would enable her to respond. All of those actions and inactions violated Whitman's Policies regarding investigations.

3.14  After weeks of retaliation at the hands of Director Viney, on April 29, 2020, Plaintiff reported to Whitman that she was being ostracized and retaliated against by Director Viney for her complaints of sexual misconduct.

3.15  On April 30, 2020, in response to Plaintiff's complaint, Director Viney again retaliated against Plaintiff by manufacturing an additional complaint against her. It was evident from the substance of Director Viney's groundless and retaliatory

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

complaint that he had notice of Plaintiff's recent complaint of ostracization and retaliation.

3.16  Rather than acknowledge that Director Viney's complaint against Plaintiff was a direct result of the sexual misconduct complaint she made against him just weeks beforehand, Whitman entirely ignored this dynamic and sounded the death knell for Plaintiff by informing her in early May that it was placing her on a Performance Improvement Plan ("PIP"). Director Viney, however, remained unreprimanded.

3.17  On May 18, 2020, Whitman issued Plaintiff the formal 60-day PIP, which reprimanded her for not properly communicating with her supervisor, Director Viney. Specifically, she was accused of using "unprofessional language" for expressing that she was being "ostracized and ignored by my supervisor." This PIP was purely retaliatory and a result of Plaintiff's recent report of Director Viney's sexual misconduct.

3.18  On June 5, 2020, following graduation, M.B.N. confessed to Dean of Students and Vice President of Student Affairs Kazi Joshua that Plaintiff's report of Director Viney's sexual misconduct was, in fact, true and that both she and Director Viney had lied.  M.B.N. then requested a no contact order against Director Viney and reported that Director Viney influenced her March 24, 2020 statement wherein she denied the sexual misconduct.  M.B.N. corroborated her confession with Snapchat messages between her and Director Viney.

3.19  On June 9, 2020, as a result of M.B.N.'s confession, Director Viney resigned from Whitman.

3.20  Rather than acknowledge the accuracy and appropriateness of Plaintiff's March 2020 complaint against Director Viney—and apologize for the harassment and retaliation she had experienced from Director Viney and Whitman's

COMPLAINT - 6

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

failure to protect her—Whitman terminated Plaintiff on June 19, 2020, one month short of the expiration of her PIP.  Whitman obviously wanted to sweep this unfortunate instance of sexual misconduct under the rug and, along with it, all the witnesses who could speak to Whitman's failures.

3.21   At the time of the termination, Whitman had the audacity to ask Plaintiff to keep quiet about the sexual misconduct between Director Viney and M.B.N.  In other words, with Director Viney and Plaintiff gone and M.B.N. graduating, Whitman had effectively rid itself of anyone with knowledge of the sexual misconduct and its failures to conduct a competent investigation.

3.22   During her employment with Whitman, Plaintiff had stellar performance reviews up until she accurately and appropriately reported the sexual misconduct of her supervisor.  Once it became clear to Whitman that it had once again botched a sexual misconduct investigation and failed to discover the truth about Director Viney and his trumped-up allegations against Plaintiff, Whitman chose the easy wrong over the hard right.  Rather than acknowledge responsibility for its failure and place Plaintiff back in the position she was before making the complaint against Director Viney, Whitman sought to avoid embarrassment by clearing the slate and ridding itself of the one person who remained that could tell the truth of what occurred—Plaintiff Linley HaneyNixon.

3.23   As a direct and foreseeable result of Whitman's unlawful and retaliatory conduct and wrongful discharge of Plaintiff, Plaintiff has suffered both economic and noneconomic damages related to lost wages, significant emotional distress, damage to her reputation, deprivation of Whitman's tuition waiver and other benefits, and other harms, losses, and damages to be proven at trial.

3.24   Plaintiff's harms, losses, and damages are continuing.

COMPLAINT - 7

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

## IV.   FIRST CAUSE OF ACTION: RETALIATION IN VIOLATION OF RCW 49.60 *et seq.*

4.1   Plaintiff re-alleges and incorporates herein all preceding paragraphs in this Complaint as though set forth in full herein.

4.2   While in Whitman's employ, Plaintiff participated in protected and opposition activity by complaining about Director Viney's sexual misconduct with and/or sexual harassment of a student and his retaliation against Plaintiff.

4.3   Whitman, by and through Director Viney and other managers, took adverse action against Plaintiff including, but not limited to, false accusations, ostracization, conducting a sham investigation, conducting a secret investigation in violation of Whitman's policies, due process violations under Whitman's policies, unjustified reprimands, imposing an unjustified Performance Improvement Plan based on false and retaliatory allegations, and wrongful termination.

4.4   Plaintiff's protected and opposition activities were a substantial factor in Whitman's adverse employment decisions against Plaintiff.

4.5   As a direct and foreseeable result of Whitman's unlawful and retaliatory conduct and wrongful discharge of Plaintiff, Plaintiff has suffered both economic and noneconomic damages related to lost wages, significant emotional distress, damage to her reputation, deprivation of Whitman's tuition waiver and other benefits, and other harms, losses, and damages to be proven at trial.

4.6   Plaintiff's harms, losses, and damages are continuing.

## V.   SECOND CAUSE OF ACTION: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681

5.1   Plaintiff re-alleges and incorporates herein all preceding paragraphs in this Complaint as though set forth in full herein.

COMPLAINT - 8

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

5.2     Title IX, 20 U.S.C. §1681 makes it unlawful for an education institution to intimidate, punish, discriminate or retaliate against an individual because they file a Title IX complaint or assist with a Title IX action.

5.3     While in Whitman's employ, Plaintiff participated in protected and opposition activities by complaining about Director Viney's sexual misconduct with and/or sexual harassment of a student and his retaliation against Plaintiff.

5.4     Whitman, by and through Director Viney and other managers, took adverse action against Plaintiff including, but not limited to, false accusations, ostracization, conducting a sham investigation, conducting a secret investigation in violation of Whitman's policies, due process violations under Whitman's policies, unjustified reprimands, imposing an unjustified Performance Improvement Plan based on false and retaliatory allegations, and wrongful termination.

5.5     Plaintiff's protected and opposition activities were a substantial factor in Whitman's adverse employment decisions against Plaintiff.

5.6     As a direct and foreseeable result of Whitman's unlawful and retaliatory conduct and wrongful discharge of Plaintiff, Plaintiff has suffered both economic and noneconomic damages related to lost wages, significant emotional distress, damage to her reputation, deprivation of Whitman's tuition waiver and other benefits, and other harms, losses, and damages to be proven at trial.

5.7     Plaintiff's harms, losses, and damages are continuing.

## VI.     THIRD CAUSE OF ACTION: WRONGFUL TERMINATION AGAINST PUBLIC POLICY

6.1     Plaintiff re-alleges and incorporates herein all preceding paragraphs in this Complaint as though set forth in full herein.

6.2     Plaintiff was fired in retaliation for reporting Director Viney and Whitman's misconduct, *i.e.*, whistleblowing.

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

6.3     In the alternative, Plaintiff pleads the claim under the *Perritt* factors.

6.4     Washington has a clear public policy prohibiting retaliation against employees, including Plaintiff, who report suspected sexual misconduct with and/or sexual harassment of a college employee of a student.

6.5     Washington has a clear public policy prohibiting relation against employees, including Plaintiff, who report insufficient investigations of sexual misconduct with and/or sexual harassment of a college employee of a student in violation of Title IX.

6.6     Whitman's Grievance Policy handbook specifically states that Whitman: "prohibits retaliation against anyone who reports in good faith or is believed to have reported harassment, discrimination or other prohibited behavior, or who is a witness or otherwise involved in a related investigatory proceeding. Such retaliation will be considered a serious violation of this policy, regardless of whether an informal or formal allegation is upheld. Encouraging others to retaliate is also prohibited and will be subject to disciplinary action."

6.7     Whitman terminated Plaintiff's employment because Plaintiff in good faith reported sexual misconduct with and/or sexual misconduct of a Whitman employee of a student which is protected by public policy.  There is no overriding justification for Whitman's misconduct.

6.8     Moreover, Plaintiff is not prohibited from asserting a claim for wrongful termination in violation of public policy by the existence of any exclusive, alternative statutory remedies, regardless of whether or not such statutory remedies are adequate.

6.9     As a direct and foreseeable result of Whitman's unlawful and retaliatory conduct and wrongful discharge of Plaintiff, Plaintiff has suffered both economic and noneconomic damages related to lost wages, significant emotional

COMPLAINT - 10

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

distress, damage to her reputation, deprivation of Whitman's tuition waiver and other benefits, and other harms, losses, and damages to be proven at trial.

6.10  Plaintiff's harms, losses, and damages are continuing.

## VII. REQUEST FOR RELIEF

7.1  All general and special damages sustained by Plaintiff including, but not limited to, backpay, front pay, benefits, a gross-up for negative tax consequences, and emotional distress damages;

7.2  Punitive damages pursuant to statute;

7.3  Reinstatement;

7.4  Interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest;

7.5  Costs and disbursements pursuant to statute;

7.6  Reasonable attorneys' fees as allowed by law; and

7.7  Any and all additional economic or equitable relief allowed by law or equity as the Court deems appropriate.

## VIII. JURY DEMAND

8.1  Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT - 11

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

DATED this 25th day of January, 2021.

                        CORR|DOWNS PLLC

By *s/ Jacob M. Downs*
    Jacob M. Downs, WSBA No. 37982
    jdowns@corrdowns.com

By *s/ Jacqueline Hackler*
    Jacqueline Hackler, WSBA No. 52636
    jhackler@corrdowns.com

    100 W. Harrison St., Suite N440
    Seattle, WA 98119
    Telephone: 206.962.5040
Attorneys for Plaintiff Linley HaneyNixon

COMPLAINT - 12

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040